# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **KEISHA L. BROWN,** | * |
| Plaintiff, | * |
| v. | * Case No.: RWT 09cv295 |
| **PRINCE GEORGE'S HOSPITAL ET AL.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

Defendants Darryl Atwell and Pamela Durning move for summary judgment as to all counts set forth in Plaintiff Keisha L. Brown's complaint. Defendants Beverly Calloway and Dimensions Health Care System d/b/a Prince George's Hospital ("Dimensions") move for summary judgment as to Plaintiff's remaining defamation allegations occurring after February 8, 2008. Plaintiff moves the Court to subpoena various employment records and to grant her permission to submit documents electronically to the Court. For the reasons set forth below, the Court will grant Defendants' motions and deny Plaintiff's motions.

## FACTS

Plaintiff is a registered nurse and currently lives in Ellenwood, Georgia. Brown Dep. 8:9, 11:3, Aug. 31, 2010. Previously, she lived in Laurel, Maryland and was employed by Prince George's Hospital ("PGH") as a nurse. Brown Dep. 9:2-12. During this time, Defendants also worked at the hospital; Durning and Atwell were anesthesiologists and Calloway served as the PGH Operating Room Director. In August of 2006, while working at PGH, Plaintiff filed an

EEOC charge against the defendants in this suit, as well as other PGH employees, largely alleging that Defendants were harassing her and circulating offensive rumors about her throughout the hospital. *See* Defs.' Mem. in Supp. of Mot. Summ. J. Ex. 6, at 1-2. The hospital's Director of Employee and Union Relations investigated Plaintiff's complaint, interviewed all relevant persons (including Defendants), and determined there was no merit to any of Brown's allegations. *See id.* at 7-8. On December 29, 2006, Plaintiff was terminated from her position at PGH for extended absenteeism. *See* Defs.' Mem. in Supp. of Mot. Summ. J. Ex. 3. Shortly thereafter, she moved to Georgia and began working in various healthcare facilities through several nursing registries. Brown Dep. 11:9-12:7.

Plaintiff commenced this suit in February of 2009, alleging that Defendants have continually harassed her, made defamatory statements about her, and disseminated defamatory writings to her co-workers and neighbors since her employment at PGH and throughout her employment with various hospitals in Georgia. Specifically, she contends that between June 15, 2007 and January 30, 2009, Defendants engaged in false communications with her new employers, co-workers, potential employers, and neighbors via faxes, writings, and telephone calls. Compl. ¶¶ 6, 7, 11, 12. She asserts that Defendants informed these persons that she stole hospital property and medications, had contracted AIDS and other sexually transmitted diseases, practiced voodoo, and worked as a prostitute. *Id.* She also alleges that Durning and Atwell obtained her medical records and disseminated her confidential information to others. Compl. ¶¶ 9,10. Defendants deny all of these allegations.

## **PROCEDURAL HISTORY**

Plaintiff, proceeding *pro se*, filed her complaint on February 9, 2009 seeking damages for defamation and violations of the Health Insurance Portability and Accountability Act of 1996

("HIPAA") and the Federal Privacy Act of 1974 ("Privacy Act"). Compl. ¶¶ 9,10, 13-18. On April 13, 2009, Dimensions and Calloway moved to dismiss portions of Plaintiff's complaint. ECF No. 8. The Court granted the motion, dismissing Plaintiff's defamation claims pertaining to communications occurring prior to February 8, 2008 (as barred by the applicable statute of limitations), as well as Plaintiff's HIPAA and Privacy Act claims. *See Brown v. Prince George's Hospital*, 2009 U.S. Dist. LEXIS 103008, at *4-5 (D. Md. Nov. 4, 2009). On April 28, 2010, the Court issued a Scheduling Order requiring that discovery be completed by September 10, 2010. ECF No. 32.

The day that discovery was to be completed, Plaintiff filed a Motion for Issuance of Subpoenas to secure Defendants' and her own employment records, ECF No. 35, which Defendants opposed, ECF Nos. 38, 41. On September 13, 2010, Plaintiff requested that the Court permit her to file documents electronically with the Court. ECF No. 37. On October 29, 2010, Defendants Dimensions and Calloway moved for summary judgment on Plaintiff's remaining defamation claims occurring after February 8, 2009, *see* ECF No. 43, and Defendants Atwell and During moved for summary judgment as to the entirety of Plaintiff's complaint, *see* ECF No. 42. The issues are fully briefed and the Court finds that no hearing is necessary.

## **PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS**

In Plaintiff's Motion for Issuance of Subpoenas, she requests that the Court subpoena her own employment records from a dozen different hospitals located in several different states (including six hospitals in Georgia, one in Virginia, one in Colorado, and one in Pennsylvania), as well as the employment records of Defendants Durning, Atwell, and Calloway (including two hospitals located in Allentown, PA and Cleveland, OH). *See* Pl.'s Mot. for Issuance of Subpoenas, at 1-3. Defendants oppose the request as untimely, ECF Nos. 38, 41. *See*

Scheduling Order, ECF No. 32. The Court will deny Plaintiff's motion for the reasons that follow.

First, Plaintiff's motion is largely moot or irrelevant. Plaintiff's request that the Court subpoena her own employment records is moot because Defendants Calloway and Dimensions provided Plaintiff with a copy of these records on September 28, 2010 along with their opposition to her motion.[1] *See* Defs.' Opp'n to Pl.'s Mot. for Subpoena, at 5. In addition, the Court fails to see any relevance of Defendants Durning, Atwell, and Calloway's employment records to the defamation claim at issue here, rendering them outside the scope of discoverable information. *See* Fed. R. Civ. P. 26(b)(1).

Second, Plaintiff's motion does not meet even the most basic requirements for a subpoena under the Federal Rules of Civil Procedure. For example, this Court may not issue subpoenas to any of the hospitals located in Georgia, Ohio, Pennsylvania, Colorado, or Virginia, as they are located outside of this Court's jurisdiction. *See* Fed R. Civ. P. 45(a)(2)(C). Moreover, Plaintiff's motion fails to state the court from which it would be issued and does not command specific persons to produce the requested documents at a specified time and place. *See* Fed. R. Civ. P. 45(a)(1)(A).

Third, Plaintiff has not met the requirements for modifying a scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure. Because Plaintiff filed her Motion for Issuance of Subpoenas on the date that discovery closed (as specified by the Court's Scheduling Order), the relief sought would necessarily require an extension of the September 10, 2010 discovery deadline. Rule 16 allows modifications to scheduling orders only for good cause and with the

---

[1] Defendants Dimensions and Calloway indicate that they in fact obtained Plaintiff's employment records during the course of discovery, informed Plaintiff of these documents, yet did not receive a request from her for copies of these records. *See* Defs.' Opp'n to Pl.'s Mot. for Subpoena, at 4-5.

4

judge's consent. Fed. R. Civ. P. 16(b)(4). Here, Plaintiff has not even attempted to show good cause for an extension, nor has she sought or obtained consent from the Court.

Fourth, Plaintiff's motion appears to be an improper attempt to remedy her failure to serve timely document requests on Defendants during the designated discovery period. The Court's Scheduling Order specifically states that any requests must be served sufficiently early to allow the opposing party to respond prior to the discovery deadline. ECF No. 32. Although discovery began more than four months before Plaintiff filed the instant motion, she waited to serve her first set of document requests just one day before the close of discovery. *See* Defs.' Opp'n to Pl.'s Mot. for Subpoena, at 2. Defendants Calloway and Dimensions promptly notified Plaintiff that her request was untimely and Plaintiff responded by filing the pending Motion for Issuance of Subpoenas one day later. As stated above, Plaintiff has not shown good cause for her tardiness and the Court declines to allow her to circumvent the Scheduling Order by extending discovery in this manner.

Accordingly, the Court will deny Plaintiff's Motion for Issuance of Subpoenas.

## **DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

### I.     Standard of Review

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006); Fed. R. Civ. P. 56. In doing so, the Court must ask whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is properly granted where a claim rests on mere speculation and conjecture. *Deans v. CSX Trans. Inc.*, 152 F.3d 326, 330 (4th Cir. 1998). "The

nonmoving party…cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion" or "grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

## II. Analysis

Defendants are entitled to summary judgment as to all of Plaintiff's counts against them. First, Plaintiff does not state a cause of action under HIPAA or the Privacy Act. Second, the defamation claims arising out of communications prior to February 8, 2008 are barred by the one-year statute of limitations for defamation under Maryland law. Finally, Plaintiff's complete lack of admissible evidence to support her remaining defamation allegations makes clear that no reasonable jury could find for her.

### A. HIPAA and the Privacy Act

Provisions of HIPAA may only be enforced by the Secretary of Health and Human Services. *See* 42 U.S.C. § 1320d-5. As Plaintiff is a private actor, she may not allege a violation of the Act. Provisions of the Privacy Act apply only to federal agencies. *See* 5 U.S.C. § 552(a). Defendants Atwell and During are doctors, and thus not subject to the Act. Accordingly, the

Court grants Defendants Atwell and Durning's Motion for Summary Judgment as to these counts of Plaintiff's complaint.[2]

### B. Defamation Allegations Prior to February 8, 2008

Plaintiff's defamation allegations that refer to communications made by Atwell and Durning prior to February 8, 2008 are barred by the statute of limitations. Under Maryland law, an action for defamation must be filed within one year from the date it accrues. *See* Md. Code Ann., Cts & Jud. Proc. § 5-105; *see also Hickey v. St. Martin's Press, Inc.*, 978 F. Supp. 230, 235 (D. Md. 1997). Accordingly, any defamation claim arising from events occurring prior to one year from the time of filing are barred.

Here, Plaintiff alleges Defendants Atwell and Durning disseminated defamatory writings and made slanderous statements beginning on June 15, 2007 and continuing through January 30, 2009. As Plaintiff filed her complaint on February 9, 2009, all portions of her claim arising out of communications made before February 8, 2008 must be dismissed. As such, the Court will grant Defendants' Atwell and Durning's Motion for Summary Judgment as to all defamation claims occurring before February 8, 2008.[3]

### C. Defamation Allegations Post-February 8, 2008

The Court will grant Defendants' Motions for Summary Judgment as to any alleged libel and slander occurring after February 8, 2008 because Plaintiff fails to sufficiently support at least two of the required elements on which she bears the burden of proof. Summary judgment must be granted against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

---

[2] The Court previously dismissed Plaintiff's HIPAA and Privacy Act claims as to Defendants Calloway and Dimensions. *See Brown v. Prince George's Hospital*, 2009 U.S. Dist. LEXIS 103008, at *4-5 (D. Md. Nov. 4, 2009).

[3] The Court previously dismissed Plaintiff's defamation claims arising from communications prior to February 8, 2008 as to Defendants Calloway and Dimensions. *See Brown*, 2009 U.S. Dist. LEXIS 103008, at *3-4.

trial." *Celotex Corp*, 477 U.S. at 322. When opposing summary judgment, a plaintiff must support her position with "evidence on which the jury could reasonably find for [her]." *Anderson*, 477 U.S. at 252. In assessing a summary judgment motion, a court may consider only evidence that would be admissible at trial. *Kennedy v. Joy Technologies Inc.*, 269 Fed. Appx. 302, 308 (4th Cir. 2008).

Defamation requires a showing of four elements: (1) that the defendant made a defamatory communication to a third person, (2) that was false, (3) that the defendant was at fault in communicating the statement, and (4) that the plaintiff suffered harm. *Habash v. City of Salisbury, Md.*, 618 F. Supp. 2d 434, 443 (D. Md. 2009). A defamatory statement "tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or associating with, that person." *Offen v. Brenner*, 402 Md. 191, 198-99 (2007). Both the record and Plaintiff's response in opposition to summary judgment make clear that Plaintiff fails to sufficiently support at least two of the required elements— (1) that any of the defendants made a defamatory communication to a third person and (2) that she suffered harm as a result.

        1. <u>Plaintiff fails to sufficiently show that Defendants made defamatory communications to third persons.</u>

Plaintiff contends that Defendants Calloway, Durning, and Atwell wrote and distributed defamatory statements about her to her co-workers and employers in the various hospital in which she worked in Georgia. However, she has failed to produce any admissible evidence of such writings.

Admissible evidence must be authenticated. *See United States v. Branch*, 970 F.2d 1368, 1370 (4th Cir. 1992); Fed. R. Evid. 901(a). Authentication or identification is satisfied "by

8

evidence to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). With regard to Calloway, Plaintiff has only offered one exhibit that purports to be a copy of one of the many alleged defamatory writings that she disseminated. Plaintiff provided this exhibit in her Response to Defendants' Motions for Summary Judgment on October 29, 2010, several weeks after the September 10th discovery deadline.

Plaintiff contends that this exhibit is a copy of a letter that was written, signed, and faxed to Northside Hospital by Calloway. *See* Pl.'s Resp. in Opp'n to Defs.' Mot. Summ. J., at 1. However, as Plaintiff has not authenticated this document in any way, it does not constitute admissible evidence. *See* Fed. R. Evid. 901(a). Rather, Plaintiff merely contends in her response that she "sp[oke] to employees…regarding the fax" and was "told by several employees that they saw the fax." *Id.* As Defendants Calloway and Dimensions point out in their Reply to Plaintiff's Response, this document is not authenticated by any affidavit from any recipient of the purported fax, nor does it contain a date or any fax information that would indicate from where it was sent or to whom it was sent. *See* Defs.' Reply to Pl.'s Resp., at 8-9.

As far as Defendants Durning and Atwell, Plaintiff fails to offer any evidence of the defamatory writings that she claims were written and faxed to others. *See* Brown Dep. 192:11-22; 212:9-213:21. Although Plaintiff repeatedly asserts in her deposition that various hospital staff members have seen such writings, she has yet to provide any testimony from any third person having received or read any statements written by Durning or Atwell. Moreover, in her deposition, Plaintiff could not identify any persons who told her they had received faxes from Defendants. *See* Brown Dep. 212:22-213:2.

Plaintiff also fails to provide any admissible evidence of the verbal defamatory statements that Defendants allegedly made. Under Rule 602 of the Federal Rules of Evidence, a

9

witness must have personal knowledge of a matter to which she testifies. Here, Plaintiff's own deposition reveals that she has not personally heard any of the statements that she asserts were made. *See, e.g.*, Brown Dep. 114:2-11 (stating she has not seen or heard from Calloway since December 2006); 177:20-21 (stating that she did not hear Atwell's alleged defamatory statement). Rather, with regard to all three defendants, Plaintiff alleges that she learned of the statements when she "overheard" various conversations among different hospital staff members. Brown Dep. 89:7-14; 90:5-11; 154: 4-7; 177:16-21. Plaintiff's own assertions that she overheard various hospital staff members discussing Defendants' alleged defamatory statements about her cannot constitute evidence in support of her claim as her testimony is inadmissible hearsay. *See* Fed. R. Evid. 801-802. The Court cannot consider hearsay evidence on a summary judgment motion. *Maryland Highways Contractors Ass'n, Inc. v. State of Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991).

As Plaintiff does not have personal knowledge of the alleged statements made by Defendants, has not provided testimony from any person hearing such statements, and has not provided admissible evidence of defamatory writings, she fails to present any evidence in support of her defamation claim. As such, she fails to create a genuine issue of material fact for trial, warranting summary judgment for Defendants.

2. <u>Plaintiff fails to establish that she suffered harm.</u>

Plaintiff also fails to sufficiently demonstrate that she has suffered either mental harm or pecuniary losses, as she alleges. Where a plaintiff does not demonstrate that defendants made defamatory statements with malice, actual damages must be proved. *Shapiro v. Massengill*, 661 A.2d 202, 217 (Md. Ct. Spec. App. 1995). In contrast, where a plaintiff demonstrates constitutional malice, damages may be awarded even without proof of harm. *Id.* Here, as

10

Plaintiff fails to demonstrate malice on the part of Defendants, she must prove actual damages. *See id.*

A plaintiff must do so by providing more than mere conclusory statements to establish that she suffered harm. *See Morris v. Nicholson*, 2010 U.S. Dist. LEXIS 83909, at *25 (D. Md. Aug. 14, 2010) (granting summary judgment to defendants because alleging "vague health concerns" and "purported increases in workload" does not constitute sufficient evidence that plaintiff suffered damages). Here, Plaintiff fails to allege harm in sufficient detail.

First, Plaintiff fails to present any evidence in support of her contentions that she suffers from anxiety and insomnia as a result of Defendants' alleged defamatory communications. *See* Pl.'s Resp. in Opp. to Defs.' Mot. Summ. J., 6-7. Although she contends in her Response to Defendants' Motion for Summary Judgment that she was prescribed sleeping pills and anti-anxiety medication to treat symptoms caused by Defendants' actions, *see* ECF No. 46, Plaintiff fails to present any evidence supporting these assertions. The only document Plaintiff has presented, a note written and signed by a Dr. Gary Emmanuel stating that Plaintiff saw twice him for "stress," is irrelevant as it states that these visits took place in December of 2006. This date is well outside of the relevant time period designated by Maryland's one-year statute of limitations for defamation.

Second, Plaintiff fails to explain how she has suffered $340,000 in back pay and $1 million in future losses. *See* Pl.'s Resp. in Opp. to Defs.' Mot. Summ. J., at 7. In her response, Plaintiff merely wrote that she calculated this figure through "online research" at an EEOC website. *Id.* However, as Defendants Atwell and Durning point out, Plaintiff has been almost continuously employed since she was terminated from PGH in 2006. *See* Defs.' Mem. in Supp.

of Mot. Summ. J., at 27. Moreover, Plaintiff was unable to identify any positions for which she was not selected as a result of the alleged defamation. *See* Brown Dep. 33:14-34:3. In sum, Plaintiff's unsupported and conclusory statements as to her damages cannot survive summary judgment as she fails to create a genuine issue of material fact for trial.

Because the Court concludes that Defendants are entitled to summary judgment on all claims, Plaintiff's Motion for Permission to Submit Electronic Documents will be denied as moot.

A separate Order follows.

Date: <u>June 9, 2011</u>                                         /s/
                                                            ROGER W. TITUS
                                                    UNITED STATES DISTRICT JUDGE