IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEISHA L. BROWN,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: RWT 09cv295 |
| **PRINCE GEORGE'S HOSPITAL ET AL.,** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Keisha L. Brown has filed a Motion for Reconsideration to alter or amend this Court's grant of summary judgment to Defendants Dimensions Health Care System d/b/a Prince George's Hospital, Beverly Calloway, Darryl Atwell, and Pamela Durning (collectively "Defendants"). The issues are fully briefed and no hearing is necessary. For the following reasons, Plaintiff's Motion will be denied.

### I.

Plaintiff, proceeding *pro se*, filed suit on February 2, 2009. Compl., ECF No. 1. Plaintiff's Complaint largely alleged that Defendants made defamatory statements and disseminated defamatory writings to Plaintiff's co-workers at various hospitals in which she worked as a nurse. *See id.* The Complaint also sought damages for alleged violations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Federal Privacy Act of 1974 ("Privacy Act"). *See id.*

Following discovery, this Court granted Defendants' Motion for Summary Judgment because Plaintiff failed to prove two elements of her defamation claim—that Defendants made defamatory communications to third persons and that Plaintiff suffered harm as a result. *See Brown v. Prince George's Hospital*, 2011 U.S. Dist. LEXIS 61590, \*\*13-18 (D. Md. June 9, 2011). Defendants were likewise granted summary judgment as to Plaintiff's HIPAA and Privacy Act claims because the relevant provisions of both Acts were not applicable to the parties.[1] *See id.* at \*10.

On June 17, 2011, Plaintiff filed a timely Motion for Reconsideration. ECF No. 52. Defendants filed Oppositions on July 5th, ECF Nos. 53, 54, to which Plaintiff submitted a Response on July 12, 2011.

## II.

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment where a party files a motion to do so within 28 days of the entry of the judgment. However, a motion for reconsideration "is not the proper place to relitigate a case after the court has ruled against a party," *Lunn v. Weast*, 2006 U.S. Dist. LEXIS 55791, \*10 (D. Md. July 28, 2006), as "mere disagreement" with a court's ruling will not support granting such a request, *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Only three limited circumstances warrant the amendment of a judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Id.* A motion for reconsideration is properly denied where a movant fails to establish one of these three

---

[1] Provisions of HIPAA may only be enforced by the Secretary of Health and Human Services. *See* 42 U.S.C. § 1320d-5. Provisions of the Privacy Act apply only to federal agencies. *See* 5 U.S.C. § 552(a).

criteria. *See, e.g.*, *Jarvis v. Enter. Fleet Servs. & Leasing Co.*, U.S. Dist. LEXIS 46077, at *7 (denying motion to reconsider because plaintiff failed to identify valid circumstance that would cause Court to alter its prior opinion).

Here, Plaintiff fails to show that any of the circumstances that would support a Rule 59(e) motion are present. Plaintiff seems to argue that she has new evidence with which to support her claims, as her Motion references various documents that accompany her memorandum. *See* ECF No. 52-1 at 1-11. A review of these materials, however, reveals that Plaintiff previously submitted these same documents when she opposed Defendants' Motions for Summary Judgment. *See* Pl.'s Resp. in Opp'n, Exs. 2, 6, 9, ECF No. 46. This Court has already determined that this proffered "evidence" is either irrelevant to her claims or inadmissible. *See Brown*, 2011 U.S. Dist. LEXIS 61590, at **13-18.

Furthermore, the other two circumstances that permit the amendment of a judgment are also not present here. There has been no intervening change in the applicable law, as the elements for a valid defamation claim have remained the same since Plaintiff filed suit in 2009. *See, e.g.*, *Smith v. McGraw*, 2011 U.S. Dist. LEXIS 45662, at *20 (D. Md. Apr. 27, 2011). Additionally, Plaintiff fails to show that an amendment of this Court's judgment is needed to correct an error of law or to prevent manifest injustice. *See* Pl.'s Mot. for Recons. Rather, Plaintiff's Motion largely recites the same arguments that were detailed in her previous pleadings. *See, e.g.*, Pl.'s Resp. in Opp'n. This will not suffice to support an amendment or alteration of a prior judgment.

### III.

In conclusion, Plaintiff offers no valid reason for amending this Court's previous judgment. Indeed, Plaintiff merely repeats the very assertions that this Court previously

considered when determining that summary judgment in favor of Defendants was proper. Accordingly, Plaintiff's Motion for Reconsideration will be denied. A separate Order follows.


Date: July 27, 2011                                                            /s/
                                                              ROGER W. TITUS
                                                        UNITED STATES DISTRICT JUDGE